*E-FILED: May 10, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ONEWEST BANK, FSB, | No. C12-01090 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| v. | |
| JIM FERRIER and DOES 1-5, | **REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |
| Defendants. | |

On March 2, 2012, Vilma Visitacion-Fernandez removed this case from the Santa Clara County Superior Court. Visitacion-Fernandez says that she was never served with the complaint,[1] and she did not append a copy of the complaint to the notice of removal. Nevertheless, the record presented indicates that this action is one for unlawful detainer. For the reasons stated below, the undersigned recommends that this matter be remanded to the state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly

---

[1] On the record presented, Visitacion-Fernandez's connection to these proceedings is unclear. The notice of removal includes a signature block for defendant Jim Ferrier, who is identified as "Attorney for Defendant." The removal notice, however, is not signed by Ferrier and is signed only by Visitacion-Fernandez. Appended to the removal notice is a document titled "Declaration of Jim Ferrier," and states that Ferrier has an affirmative action for wrongful foreclosure pending before the Los Angeles County Superior Court pertaining to real property in Milpitas, California. The declaration is unsigned by Ferrier. Instead, the declaration is signed only by Visitacion-Fernandez who apparently handwrote her signature block onto the declaration.

*United States District Court*
*For the Northern District of California*

construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). The court has a continuing duty to determine whether it has subject matter jurisdiction. FED. R. CIV. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Visitacion-Fernandez fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. As noted above, the papers appended to the notice of removal indicate that this is an action for unlawful detainer. Visitacion-Fernandez claims that there is a "federal question surrounding the construction of the Pooling and Service Agreement" of the subject mortgage and that plaintiff has violated the Fourteenth Amendment to the U.S. Constitution in foreclosing on the property. (Notice of Removal at 3). She further alleges that the instant action is related to another case filed in this district.[2] There is no indication, however, that any claims arising under federal law were asserted in the underlying unlawful detainer complaint. And, allegations in a removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction.

Nor does this court have diversity jurisdiction over the matter. Visitacion-Fernandez says that the amount in controversy exceeds $75,000. It is not readily apparent that is true, the action evidently having been designated a "Limited Civil Case."[3] In any event, the removal notice states that defendant is a citizen of California. (Notice of Removal at 3). An action may not be removed on the basis of diversity "if any of the parties in interest properly joined and

---

[2] See C12-01081PSG *Visitacion-Fernandez v. First Fed. Bank of California, et al.*

[3] The state court's website (www.scscourt.org) indicates that such actions are those involving $25,000 or less.

2

served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

SO ORDERED.

Dated: May 10, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-01090-HRL Notice sent by U.S. Mail to:

2  Jim Ferrier
   372 Daisy Drive
3  San Jose, CA 95123

4  Vilma Visitacion-Fernandez
   372 Daisy Drive
5  San Jose, CA 95123

4